(38 South. 690.)

No. 15,537.

## CONNELLA v. CONNELLA.

(May 22, 1905.)

### DIVORCE—SUBSTITUTED PROCESS.

Divorce and separation from bed and board are distinct and separate under our law, and separation from bed and board does not include divorce. Hence article 142 of the Civil Code,

which authorizes proceedings by substituted process against absent husbands for separation from bed and board, cannot be extended to proceedings in divorce.

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by Lula Connella against Rufus R. Connella. Judgment for defendant, and plaintiff appeals. Affirmed.

Price & Roberts, for appellant. Stephen D. Pearce, curator ad hoc, for appellee.

PROVOSTY, J. This case comes up on an admitted statement of facts. Plaintiff and her husband were married in this state, which was then their domicile. Subsequently they removed to Oklahoma. The husband committed there a crime for which he has been sent to the penitentiary. The wife has returned to her former domicile in this state, animo manendi. She sues for a divorce on the ground that her husband has been sentenced to an infamous punishment. The suit is conducted contradictorily with a curator ad hoc, appointed to represent the husband, and without personal citation of the husband. For the right to proceed in that form article 142 of the Civil Code is relied on, which reads as follows:

"Whenever a marriage shall have been contracted in this state, and the husband after such marriage, shall remove or shall have removed to a foreign country with his said wife, if said husband shall behave or have behaved towards his wife in said foreign country in such a manner as would entitle her, under our laws, to demand a separation from bed and board, it shall be lawful for her, on returning to the domicile where her said marriage was contracted, to institute a suit there against her said husband for the purposes above mentioned, in the same manner as if they were still domiciliated in said place, any law to the contrary notwithstanding. In such cases an attorney shall be appointed by the court to represent the absent defendant; the plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women, and the judgment shall have force and effect in the same manner as if the parties had never left the state."

The curator ad hoc contends, and the learned judge a quo has held, that a proceeding for divorce is not authorized by that article, but only a proceeding for separation from bed and board, and that judgment can be rendered only for the latter.

That view appears to us to be correct. Separation from bed and board and divorce are not convertible terms under our law. They are kept distinct and separate in the Code and in all our legislation. Divorce includes separation from bed and board, but the converse is not true; separation from bed and board does not include divorce. The broad distinction between the two is that divorce puts an end to the marriage, whereas separation from bed and board does not. The Legislature can hardly be supposed to have intended to refer to a proceeding putting an end to the marriage when it has distinctly and expressly specified a proceeding not putting an end to the marriage.

Judgment affirmed.

BREAUX, C. J., dissents.