BUTTS v. BUTTS.

Opinion delivered March 13, 1922.

1. DIVORCE—RIGHT OF APPEAL AS AFFECTED BY REMARRIAGE.—Under Crawford & Moses' Dig., § 2168, providing that appellee may move to dismiss an appeal where the appellant's right of further prosecuting the same has ceased, an appeal from a decree of divorce is subject to dismissal on the appellant's remarriage, for the reason that such marriage constitutes an acceptance of the benefit of the decree.

2. DIVORCE—JURISDICTION—RES JUDICATA.—Where the chancery court acquired jurisdiction in a divorce suit to determine whether there had been a prior adjudication in another State, which was conclusive of the rights of the parties, an error in determining that question could be corrected only by appeal.

3. DIVORCE—CONSTRUCTIVE SERVICE.—Under the Louisiana law, a decree for absolute divorce cannot be rendered on constructive service of process.

4. DIVORCE—EFFECT OF DECREE OF SEPARATION.—A decree of separation does not affect the status of the parties as to the continued existence of the marriage ties.

Appeal from Phillips Chancery Court; *A. L. Hutchins*, Chancellor; appeal dismissed.

*McCloskey & Benedict* and *John T. Castle*, for appellant.

1. As to the New Orleans decree, full faith and credit is that degree of force and effect to which it is entitled in Louisiana. 198 U. S. 317; 201 U. S. 562. Perhaps, if plaintiff's theory that defendant deserted him here. and went to and established a domicile in Louisiana for the purpose of securing a divorce, is correct, the do-

cree of that State would not be entitled to full faith and credit; but appellant insists to the contrary. If her statements are correct, the Louisiana decree is entitled to full faith and credit, under the Federal Constitution. Revised Civil Code, La., § 145; Marr's Rev. Stat. La., 1915, § 1008; 9 Me. 140, 23 Ann. Dec. 549; 119 Ia., 538, 93 N. W. 586; 130 Ill. 268, 22 N. E. 798, 8 L. R. A. 497, 17 Am. St. Rep. 319; 68 Mich. 454; 36 N. W. 218; 13 Am. St. Rep. 355; 41 Ore. 239; 25 Ark. 625; C. & M. Digest, § 1157; 90 Ark. 44; 162 Ill. 589; 53 N. J. Eq. 678; 108 N. Y. 415.

2. The court should have granted appellant time to take depositions. The court did not fix a time, as permitted by the statute, C. & M. Dig., § 4206a, nor did the plaintiff proceed to take any depositions, nor give notice that he would not take depositions, until about nine days before the trial,—too short a period of time to take depositions in New Orleans, La., to be used in court at Helena, Ark. C. & M. Dig. § 4219. The refusal to grant the time was an abuse of discretion. 22 Pac. 890; 110 Ark. 182; 74 Ark. 172.

*John I. Moore,* and *John I. Moore, Jr.,* for appellee.

1. This is an action for divorce, not for separation. The Louisiana decree is not available on a plea of *res judicata.* Moreover, even in actions for divorce on constructive service the full faith and credit provision of the Federal Constitution does not apply. 46 So. 921. Louisiana statutes authorizing suit for separation by substituted process do not apply to a suit for divorce. 114 La. 950; 38 So. 690. The Louisiana decree, therefore, could not be interposed as a defense in this action.

A decree of separation from bed and board rendered against a non-resident, non-appearing defendant, not served with process within the State, is not enforceable in the State of the defendant's domicile. 4 A. L. R. 852. See also 9 R. C. L. 400 *et seq;* 15 *Id.* 932; 76 S. E. 855; 78 *Id.* 1079; 204 U. S. 8; 205 U. S. 241.

2. No error in refusing the continuance. C. & M. Digest, §§ 4206a, 4209, 4219.

3. The appeal should be dismissed. The appellant, by marrying again, after taking the appeal, thereby accepted the benefits, and admitted the legality of the decree appealed from, and lost her right of appeal. 109 Ark. 548; 9 R. C. L. 467.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of Phillips County against the appellant, his wife, to secure a divorce, and this appeal is prosecuted from a decree granting the divorce.

The ground stated in the complaint is desertion, and it is alleged in the complaint that appellee was a resident of the State and of Phillips County for more than a year before the commencement of the action. The action was begun on constructive service, and appellant appeared by counsel and filed her answer, in which she denied the allegations of the complaint with respect to desertion, and she also pleaded, in bar of appellee's right to sue for a divorce, a judgment of the civil district court of the Parish of Orleans, in the State of Louisiana, in which the court had adjudged, on the complaint of appellant, a divorce from bed and board.

Appellant's answer was filed in the action on September 23, 1920, and the cause was heard by the court and a final decree was rendered on July 25, 1921. Nine days before the court convened, appellee's attorney notified appellant's attorney, in writing, that when the court convened appellee would ask for a hearing of the cause on oral testimony. Appellant appeared by her attorneys on the day of the trial and moved for a continuance to enable her to take depositions in the State of Louisiana, but the court overruled the motion, and the cause was heard upon the testimony adduced by appellee.

The evidence thus adduced, which has been preserved in the record, is sufficient to justify the court in finding that appellee was a resident of Phillips County,

and had resided there continuously for many years, and that the alleged grounds for divorce were established.

After the transcript was lodged in this court, appellee filed a motion to dismiss the appeal on the ground that appellant had married again in the State of Louisiana, after the rendition of the decree appealed from. The motion was filed pursuant to the statute in regard to appeals to this court, which provides that where "the appellant's right of further prosecuting the same has ceased, the appellee, in lieu of pleading, may move the court to dismiss the appeal on writ of error, the grounds of which motion shall be stated in writing, signed by the appellee or his counsel, and, if not appearing on the face of the record, or by a writing purporting to have been signed by the appellant and filed, shall be verified by affidavit." Crawford & Moses' Digest, § 2168.

The motion was accompanied by proof of the marriage of appellant in the State of Louisiana since the rendition of the decree appealed from. The motion was submitted at the time of the submission of the case on the merits.

It seems to be well settled by the authorities that an appeal from a decree of divorce cannot be prosecuted after the remarriage of the appellant, for the reason that such marriage constitutes an acceptance of the benefit of the decree and necessarily admits its legality and correctness. 9 R. C. L. 467; 7 Stand. Enc. of Procedure, 811.

Counsel for appellant attempts to escape the application of this well-established rule of law on the ground that the prior decree of the Louisiana court granting a divorce *a mensa et thoro* was a bar to the right to prosecute the suit for divorce in this State, and that it defeated the jurisdiction of the Phillips Chancery Court. The weakness of this contention, however, lies in the fact that jurisdiction of the court to sustain appellee's cause of action depends upon the allegations of the complaint. The court thereby acquired jurisdiction to determine whether or not appellee was a resident of Phillips County,

and whether there was a prior adjudication in another State which was conclusive of the rights of the parties.

If the court erred in refusing to grant a postponement of the trial, or in deciding that appellee had established a cause of action which had not been barred by any other decision, the error could only be corrected by appeal, and appellant has, by remarriage, forfeited her right to appeal to this court for the correction of the alleged error.

The Louisiana decree was, as before stated, only for separation, and it could not have been for absolute divorce under the statutes of that State, for the Supreme Court of Louisiana has decided that a decree for absolute divorce cannot be rendered on constructive service of process. *Connella* v. *Connella,* 114 La. 950.

The decree of separation did not affect the status of the parties as to the continued existence of the marriage ties. *Pettis* v. *Pettis,* 91 Conn. 608, 4 A. L. R. 852.

But if the court erred in determining the effect of the former adjudication, it was, as before stated, an error which could only be corrected by appeal.

The motion to dismiss is therefore sustained, and the appeal is dismissed on the ground that appellant has forfeited her right to prosecute it.