# Hirsch *v.* Hirsch, Appellant.

*Divorce—Desertion—Course of conduct — Evidence — Order of support.*

A husband is entitled to a divorce for desertion where the evidence shows that the wife was guilty of constant and intemperate language and other acts sufficient to have justified him in leaving her; that while he was at work she tore his clothing into pieces, left them in the middle of the room and disposed of his household furniture and tools, and left his house; that when he went to see her she said she did not wish to see him, and that if he returned she would throw vitriol in his face; and that her conduct had apparently been due to a groundless suspicion of infidelity.

The fact that an order had been made against a husband for support will not prevent him from securing a divorce on the ground of desertion upon proper cause shown.

*Divorce—Duty of lower court to write opinion—Assignment of error—Appeals.*

584        HIRCH v. HIRCH, Appellant.

It is the duty of the court below in reviewing a proceeding for divorce to state its reasons for overruling or sustaining the exceptions, in addition to reviewing in writing the case on its merits.

An assignment of error in a divorce proceeding should be quashed where there is no final decree set forth in the assignment or in the paper book.

Submitted Oct. 11, 1918. Appeal, No. 319, Oct. T., 1917, by defendant, from decree of C. P. No. 5, Philadelphia Co., June T., 1915, No. 1659, awarding divorce in case of Frederick J. Hirsch v. Georgianna Hirsch. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce for desertion.
The court entered a decree awarding divorce.

*Error assigned* was decree without quoting it.

*Everett A. Schofield,* for appellant.

*J. Frederick Martin,* for appellee.

OPINION BY KEPHART, J., January 3, 1919:

Were it not for the imperfect assignment of error, this case should be returned to the judge who reviewed it, with direction to state his reason in writing for overruling the exceptions and granting the divorce: Middleton v. Middleton, 187 Pa. 612. It is the duty of the court below in reviewing a proceeding for divorce to state its reasons for overruling or sustaining the exceptions, in addition to reviewing in writing the case on its merits. The assignment of error is not in accordance with the rules of court, and for this reason the appeal should be quashed.

We have, however, examined the evidence and we are satisfied the defendant was guilty of malicious and wilful desertion. Shortly after the marriage of the parties until separation, there had been constant quarreling.

The respondent's course of conduct, her constant nagging, intemperate language and other acts, were sufficient to have justified libellant's seeking a safer place in which to live. Respondent made this unnecessary. While libellant was at work, after tearing his clothing into pieces and leaving them in the middle of the room, she disposed of his household furniture and tools, and told him when he went to see her about it, she did not wish to see him and that if he returned she would throw vitriol in his face. The appellant conceived the idea that her husband had been guilty of infidelity, but there was no evidence to support such thoughts. The libellant was corroborated in the essential parts of his testimony and the decree of divorce was properly granted. Though an order of support had been made against the libellant, this would not prevent him from securing a divorce on the ground of desertion upon proper cause shown.

. The decree of the court below is affirmed.