HILL v. ROWLES, CHANCELLOR.

**5-327**                                          264 S. W. 2d 638

Opinion delivered February 15, 1954.

*Coffelt & Gregory,* for petitioner.

*C. Van Hayes* and *Jim Cole,* for respondent.

ROBINSON, J.   Boyd L. Hill is the plaintiff in a cause of action pending in the Saline Chancery Court wherein he seeks a divorce from Nellie Ann Hill. Prior to the time Hill filed suit, his wife had filed a separate maintenance action in the Pulaski Chancery Court in which case there had been a hearing and Hill had been directed to pay to Mrs. Hill $15 per week in addition to the court costs and attorney's fee. It is the contention of Mrs. Hill that since the Pulaski Chancery

Court acquired jurisdiction in the separate maintenance action, and there had been a decree in that case prior to the filing of the divorce suit in the Saline Chancery Court, that the Saline court is without jurisdiction in the divorce proceeding. Mrs. Hill has therefore filed in this court a petition for a writ of prohibition to prevent the trial of the divorce action in the Saline Chancery Court.

Attached to the petition for the writ of prohibition are all the pleadings and orders in both cases. Hill, in the suit filed by him in Saline County, alleges indignities as the ground for divorce. Mrs. Hill, in the Pulaski County action, had alleged that on June 17, 1953, the defendant had abandoned her and since that time had failed and refused to support her, although he was able to do so and she was in ill health and unable to work. The complaint was filed July 23, 1953; obviously it did not allege the statutory ground for divorce—desertion for one year. Nor was it necessary to allege grounds for divorce in order to obtain separate maintenance. *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459; *Shirey* v. *Shirey*, 87 Ark. 175, 112 S. W. 369; *Kientz* v. *Kientz*, 104 Ark. 381, 149 S. W. 86.

Petitioner contends that the action in the Saline Chancery Court is abated by the case in the Pulaski Chancery Court. Judge Leflar in his work on *Conflict of Laws,* page 286, has this to say on the subject: ''A decree for judicial separation, which used to be called a divorce from bed and board, is not really a divorce at all. It has no effect upon the marital status, which continues existent just as before the decree. The decree merely regulates the personal rights of the spouses in relation to the still-continuing marital status. It has no *in rem* effect. That being true, it follows that a bill for judicial separation is an *in personam* proceeding, and need not necessarily be brought at the domicile. In fact, it may be brought at any place at which personal jurisdiction over the defendant spouse is acquired, or at which he owns property . . . In fact it has been held that under some circumstances a valid decree for

divorce will not even supersede a prior order for the payment of fixed amounts for separate maintenance." Citing cases.

In *Butts* v. *Butts,* 152 Ark. 399, 238 S. W. 600, Chief Justice McCulloch said: "Counsel for appellant attempts to escape the application of this well-established rule of law on the ground that the prior decree of the Louisiana court granting a divorce *a mensa et thoro* was a bar to the right to prosecute the suit for divorce in this State, and that it defeated the jurisdiction of the Phillips Chancery Court. The weakness of this contention, however, lies in the fact that jurisdiction of the court to sustain appellee's cause of action depends upon the allegations of the complaint. The court thereby acquired jurisdiction to determine whether or not appellee was a resident of Phillips County, and whether there was a prior adjudication in another state which was conclusive of the rights of the parties . . . The decree of separation did not affect the status of the parties as to the continued existence of the marriage ties."

Petitioner relies on the case of *Cameron* v. *Cameron,* 235 N. C. 82, 68 S. E. 2d 796, 31 A. L. R. 2d 436. There it was held that where the wife had sued the husband for separate maintenance first, a second suit filed by the husband seeking divorce was abated by the case which had been filed by the wife. But in that cause the wife alleged abandonment which she was required to prove. In the later suit filed by the husband he alleged desertion. The issues in the two actions were so closely related that one could not be resolved without necessarily deciding the other.

Here, in the separate maintenance action filed in the Pulaski Chancery Court by the wife, she alleged abandonment, which the husband denied. He did not ask for a divorce nor assert the grounds for divorce which he later alleged in the cause filed by him in the Saline Chancery Court; but even if he had done so and the court had found in his favor, alimony could have been awarded to the wife. *Laird* v. *Laird,* 201 Ark. 483,

145 S. W. 2d 27; *Lunsford* v. *Lunsford*, 232 Ala. 368, 168 So. 188. Hence a finding by the Pulaski Chancellor in favor of the wife for separate maintenance is not necessarily a finding that the husband had no grounds for divorce.

In *Keezer* on *Marriage and Divorce,* 3rd Edition, page 577, it is said: ''The fact that an order has been made against a husband for support has been held not to bar him from securing a divorce on the ground of desertion.''

In *Hirsch* v. *Hirsch,* 70 Pa. Super. 583, it is held that the fact that an order had been made against a husband for support will not prevent him from securing a divorce on the grounds of desertion upon a proper cause shown.

We believe the better rule to be that even though a defendant in a separate maintenance suit has not asked for a divorce by way of cross complaint, he should not be barred from maintaining a suit for divorce at a later date. The policy of the law is to support and maintain the marriage status wherever it is reasonable to do so in the circumstances; and the husband should not be penalized because he did not ask for a divorce at the first opportunity.

The petition for writ of prohibition is denied.