GILLIAM *v.* GILLIAM.

5-2234                                                    340 S. W. 2d 272

Opinion delivered November 21, 1960.

*Willis V. Lewis,* for appellant.

*Holt, Park & Holt,* for appellee.

Ed. F. McFADDIN, Associate Justice. From a decree granting her petition for separate maintenance and awarding Mrs. Gilliam $250 per month, Mr. Gilliam prosecutes this appeal and presents only two points:

"(I) The evidence of the plaintiff was insufficient to sustain a decree of separate maintenance upon her complaint.

"(II) The evidence on behalf of the defendant and cross-complainant was sufficient and should sustain a decree of divorce for him upon his cross-complaint."

I. *Is The Evidence Sufficient To Sustain The Decree Awarding Mrs. Gilliam Separate Maintenance?* Mr. and Mrs. Gilliam were married in December 1948 and lived together as husband and wife until they separated on September 6, 1959. This suit for separate maintenance was filed shortly thereafter; and no property rights are here involved. We have a long line of cases which recognize that under what is now § 34-1202, Ark. Stats. the Chancery Court has the power to decree separate maintenance to the wife. Some of these cases[1] are: *Wood* v. *Wood,* 54 Ark. 172, 15 S. W. 459; *Shirey* v. *Hill,* 81 Ark. 137, 98 S. W. 731; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Savage* v. *Savage,* 143 Ark. 388, 220 S. W. 459; and *Harmon* v. *Harmon,* 152 Ark. 129, 237 S. W. 1096.

Mrs. Gilliam testified that just prior to the separation Mr. Gilliam jerked her out of bed and inflicted physical injuries on her, such as a bruised bronchial tube and a broken tooth; and that Mr. Gilliam's violence continued up to the separation. Mr. Gilliam admitted hitting his wife.[2] In addition to the evidence as to physical in-

---

[1] There is a dissenting opinion in *McClain* v. *McClain,* 222 Ark. 729, 263 S. W. 2d 911, wherein these separate maintenance cases are listed. A later case is: *Hill* v. *Rowles,* 223 Ark. 115, 264 S. W. 2d 638.

[2] We quote portions of his testimony:
"Q. Major, it has also been testified here that you have been very abusive, that you have beaten your wife, at one time she had a tooth knocked out or had a tooth broken. Is that true?
A. Anything I did to her was in self defense.
THE COURT: Answer the question, did you do it or not?
A. I don't know about breaking her tooth but I did hit her.

juries inflicted by Mr. Gilliam, there was also evidence designed to show marital infidelity on the part of Mr. Gilliam; but we see no occasion to recite any of this evidence because the testimony as to physical injuries is amply sufficient to support a decree for separate maintenance. A wife is not required to live with her husband when, without provocation, he inflicts physical injuries on her. *Shirey* v. *Shirey,* 87 Ark. 175, 112 S. W. 369; and *Crabtree* v. *Crabtree,* 154 Ark. 401, 242 S. W. 804, 24 A.L.R. 912. Mr. Gilliam's defense was, that his wife was a jealous nagging woman and goaded him into violent conduct at times when he was drinking intoxicants. But, even so, such explanation is no defense for the physical injuries that he admitted having inflicted on his wife.

Mrs. Gilliam was corroborated to a limited extent as to her physical injuries: her mother, Mrs. DePriest, testified that she observed a bruised place on Mrs. Gilliam's face. But we have recognized that in suits for separate maintenance there is no requirement for corroboration as in cases for absolute divorce. *Welch* v. *Welch,* 225 Ark. 372, 282 S. W. 2d 600, and cases there cited. There is certainly no evidence of collusion in this case. The Chancellor accepted Mrs. Gilliam's testimony and awarded her separate maintenance. We cannot say that the decision of the Chancellor is against the preponderance of the evidence on this point.

II. *Did Mr. Gilliam Introduce Sufficient Evidence On His Cross Complaint To Require That The Court Grant Him An Absolute Divorce?* In his cross complaint Mr. Gilliam sought an absolute divorce from Mrs. Gilliam. His allegations were:

Q. When did you hit her.
A. I can remember on one occasion. She was biting me on the arm and I slapped her to get her teeth loose out of my arm.
Q. When was that?
A. That was on the night she testified to where she went and stayed at the Albert Pike. I don't remember the date of the incident. . . . I was trying to hold her and she kept biting me and I thought I would calm her down a little bit and slapped her on the face a couple of times.
Q. Did you slap her with your fist or open hand?
A. Open hand.
Q. Did you break a tooth or bruise her up in any manner?
A. I did not notice any bruises or a broken tooth . . ."

"That the plaintiff and cross-defendant has pursued a systematical and habitual course of personal indignities toward him which rendered his condition in life intolerable and unbearable. That such indignities consisted of fussing, nagging, quarreling and unmerited reproach. That all these acts on her part have made it impossible for him to longer live with her."

Mr. Gilliam testified most strongly in support of his cross complaint; but the Chancery Court was not required to give full credence to such testimony in the face of equally strong denials by Mrs. Gilliam. Furthermore, we find no corroboration of Mr. Gilliam's testimony on the material and substantial matters; and corroboration is required in a case for *absolute divorce,* as Mr. Gilliam was seeking. *Fania* v. *Fania,* 199 Ark. 368, 133 S. W. 2d 654; *Allen* v. *Allen,* 211 Ark. 335, 200 S. W. 2d 324; *Stimmel* v. *Stimmel,* 218 Ark. 293, 235 S. W. 2d 959. From a study of the evidence, we conclude that the Chancery Court was correct in refusing to grant Mr. Gilliam an absolute divorce.

Affirmed.

JOHNSON, J. dissents.