GILLIAM *v.* GILLIAM

5-3450                                    394 S. W. 2d 725

Opinion delivered October 25, 1965.

*Willis V. Lewis*, for appellant.

No brief filed for Appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a divorce decree. Appellee Sarah J. Gilliam filed suit for separate maintenance in Pulaski Chancery Court against appellant Claude E. Gilliam in 1959. Appellant cross-complained for divorce. The trial court denied the divorce, granted appellee's petition for separate maintenance and awarded her $250.00 per month permanent alimony. This decree was affirmed by this court in 1960. *Gilliam* v. *Gilliam*, 232 Ark. 765, 340 S. W. 2d 272.

In October, 1961, appellee filed an amendment to the complaint in her separate maintenance suit, seeking a divorce. In November appellant filed suit (a separate suit) in Pulaski Chancery for divorce on several grounds and in October, 1962, amended his complaint to include the ground of three years separation. Eventually these cases were consolidated. After a number of motions and hearings (including one in which appellant obtained a reduction of the alimony to $150 on the allegation that he had been discharged from the Air Force and deliberately withheld the fact that he had applied for reinstatement and was within a month reinstated and promoted in rank), the chancellor in June, 1964, granted the

divorce and awarded appellee $200 per month permanent alimony, *inter alia.*

For reversal appellant argues a number of points concerned with the findings and awards of the trial court. Appellant's conduct before the trial court entitles him to no relief on the matter of alimony. The trial court was subjected to harrassment, embarrassment and chicanery at the hands of appellant, and at least lack of cooperation from appellee. Our sympathies in this case lie with the judge. The trial court's findings are careful, extensive and objective, and the awards are generally well supported by the evidence. However, on trial de novo on the record, there is one point urged by appellant with which we are forced to agree. The court's finding that no partnership in a real estate agency existed between the parties is against the preponderance of the evidence. Testimony of both parties shows that in 1956, after the parties had moved to Little Rock from Texas, they took the real estate broker's examination. Appellant passed and was licensed as a broker; appellee failed and was licensed as a salesman. (Appellee testified that appellant had studied real estate, including real estate appraisal, at T. C. U. on the GI bill.) The real estate agency was opened on appellant's broker's license and appellee obviously ran the business and did the bulk of the work. It is also clear from testimony of the parties and four salesmen that appellant worked regularly in the business, hired and trained some of the salesmen, appraised property and assisted in the operation of the business. The agency purchased property and sold it; title to much of the property was taken in appellee's name since appellant's duties in the Air Force required his periodic absence. When appellant was sent to Japan he gave appellee his power of attorney, a forceful argument for the de facto existence of a partnership. Throughout the litigation, appellee contended that the property purchased in her name was her property alone, however at one point she testified: "I thought, I thought all of this property would be mine and Gil's [appellant] and not mine alone and not Gil's alone. We planned for him to take over this business at his retirement."

Since it is not clear from the record what the assets of the partnership amounted to at the time of the 1959 divorce a mensa et thoro, that is, property, notes and other choses in action, the cause is reversed and remanded for determination and division of partnership assets.