ROGER L. HENRY *v.* BRENDA G. HENRY

5-4974                                    447 S. W. 2d 657

Opinion delivered December 8, 1969

*Kenneth Coffelt,* for appellant.

No brief for appellee.

CONLEY BYRD, Justice. Following the entry of a divorce decree appellant Roger L. Henry was cited into court to show cause why he should not be held in contempt of the court's orders. The trial court found that he was not in contempt but entered judgment against

him for $850 on a property settlement entered into between him and Brenda G. Henry, being the value of an automobile he allegedly failed to deliver and an attorney's fee of $100.00. For reversal appellant relies upon the following points:

"I. Under the record the Chancellor did not have the authority to render the judgment of $850 against appellant herein appealed from, because appellant was before the court solely on the contempt charge, and not in response to any suit for breach of contract.

II. The garnishments on the judgment should be quashed by this court because the judgment is invalid."

The record shows that appellant's complaint for divorce was filed on December 9, 1968, that he and appellee entered into a property settlement on December 11, 1968, and that on January 9, 1969, he was granted a divorce. The divorce decree, in so far as here pertinent, provides:

"That the said parties are residents of Saline County; that no children have been born of said marriage; that they have entered into a settlement in regard to their property.

It is therefore considered, adjudged, ordered and decreed that the bonds of matrimony heretofore existing between this plaintiff and defendant be and they hereby are dissolved set aside and forever held for naught."

On March 6, 1969, appellee filed a petition setting up the divorce, the property agreement and alleged that appellant had failed to comply with the property agreement by delivering "full possession of the automobile" to appellee. The relevant portion of the petition provides:

"5. That Roger L. Henry, should be by this court required to comply with the contract made and entered into with petitioner to deliver possession of the said automobile to her.

6. That in the event Roger L. Henry no longer has the car, that he should be ordered by this court to pay petitioner a reasonable value in place of the automobile.

7. That petitioner is without funds with which to pay an attorney for the cost of this action and should be awarded a reasonable attorney fee by Roger L. Henry for the cost of this procedure, plus all court costs incurred because of this proceeding.

WHEREFORE, petitioner moves the Court to order the Clerk of this Court to issue a citation directing the plaintiff, Roger L. Henry, to appear in this Court and show cause why he should not be punished for contempt of court, and for a reasonable attorney's fee."

Pursuant to the petition, the trial court directed the clerk to issue the following citation.

"The State of Arkansas to the Sheriff of Saline County:

"You are hereby commanded to summon Roger L. Henry if he be found in your county, to appear before the judge of the Saline Chancery Court, at the Courthouse in the City of Benton, Saline County, Arkansas, at 9:00 O'clock A. M. on the 13th day of March, 1969, and show cause, if any he has, why judgment and sentence should not be pronounced against him for Contempt of Court for failure to comply with the order of this Court. And you will make due return of this Citation on the 13th day of March, 1969. Herein fail not."

On March 13th appellant moved to dismiss the citation order because the decree only granted a divorce. This motion was overruled, as was appellant's objection to the testimony of appellee in support of her petitioner. Thereafter appellant testified that the citation was the only notice he received to appear in court. There is nothing in the record to show that a copy of the motion was served upon appellant or that a copy thereof was served with the citation.

Under Ark. Stat. Ann. § 34-1212 (Repl. 1962), our cases, *Strasner* v. *Strasner,* 232 Ark. 470, 338 S. W. 2d 679 (1960), recognize that equity has jurisdiction of an action for specific performance of a property settlement entered into in contemplation of divorce even in the absence of a pending divorce suit. Consequently the Saline Chancery Court had jurisdiction of the subject matter. However it does not also follow that the trial court here had a right to proceed against the person of appellant for purposes of hearing appellee's petition.

Unlike *Thomas* v. *Thomas,* 246 Ark. 1126, 443 S. W. 2d 534, the decree here involved made no attempt to incorporate the property settlement into the decree. Under divorce decrees such as involved here the rule is stated by 24 Am. Jur. 2d *Divorce and Separation* § 423 as follows:

"As a general rule, a final judgment is conclusive both as to the relief granted and as to the relief denied or withheld, and on its entry the jurisdiction of the court over the subject matter and the parties is exhausted unless preserved in the mode authorized by statute. Hence, any further judgment or order materially varying the first judgment is a nullity, except as it is rendered pursuant to the power which the court may have in opening, modifying, or vacating its own judgments and in accord with the practice prescribed for the exercise of such power. This rule has been applied in divorce pro-

ceedings. But a judgment of divorce comes also within the rule that a court has full control over its judgments and may modify the same at any time during the term within which they are rendered.''

In *Miller* v. *Miller,* 209 Ark. 505, 190 S. W. 2d 991 (1945), we pointed out that notice must be given before a hearing could be held on a motion to modify. Since that time the Legislature by Acts 1963, No. 67, § 5 (Ark. Stat. Ann. § 27-364 [Supp. 1967]) has provided:

''No Court shall hear any motion except such as may be heard ex parte unless proof of service of copy thereof upon the opposing parties as herein provided (except parties in default), and of reasonable notice of the hearing is made. Such proof may be in the form of certificate of service by counsel or the party making service and such certificate shall be prima facie evidence of service.''

As we view the record here the divorce decree terminated the jurisdiction of the court over the subject matter and the person of appellant except for the court's inherent power to vacate or modify its decrees within term time. The citation served on appellant gave no notice of a motion to modify the decree and, furthermore, a copy of the motion was not served on appellant as required by Ark. Stat. Ann. § 27-364. Under these circumstances the court was without jurisdiction of the person of appellant to proceed with the hearing on the motion.

Appellant was unable to supersede the judgment against him and as a result thereof some garnishments have been issued. In his brief he asks that we void the garnishments. On this issue we leave him to such remedies as are provided by law.

Reversed.