Winter C. WOMACK v. Doris Mae WOMACK

5-5165                                    449 S. W. 2d 399

Opinion delivered February 2, 1970

1. DIVORCE—SEPARATE MAINTENANCE—POWER OF CHANCELLOR.—A cause of action for separate maintenance independent of a cause of action for divorce may be brought under the broad power of equity, and the chancellor has power to decree separate maintenance to the wife. [Ark. Stat. Ann. § 34-1202 (Repl. 1962).]

2. DIVORCE—MAINTENANCE DURING PENDENCY OF ACTION—DISCRETION OF CHANCELLOR.—Where allegations were made, proof offered and issues tried and considered as a petition for divorce from bed and board, wife's petition for separate maintenance *held* a petition for divorce, and award of separate maintenance and attorney's fees during pendency of the action was within chancellor's sound discretion.

3. DIVORCE—SEPARATE MAINTENANCE—GROUNDS.—A wife may not leave her husband or drive him away without cause and demand that he continue to support her, nor may a husband force his wife to continue to endure his conduct constituting grounds for divorce or forfeit her rights to maintenance and support.

4. DIVORCE—ATTORNEY'S FEES—DETERMINATION ON REMAND.—On remand, contentions by parties with respect to attorney's fees should be considered and passed on by the chancellor on final hearing and disposition of the case.

Appeal from Union Chancery Court, *Jim Rowan,* Chancellor; affirmed and remanded.

*Brown, Compton, Prewett & Dickens,* for appellant.

*Shackleford & Shackleford,* for appellee.

J. FRED JONES, Justice. This is an appeal by Winter C. Womack from an order of the Union County Chancery Court overruling his motion to dismiss a petition for separate maintenance filed by his wife, Doris Mae Womack. Mr. and Mrs. Womack were married on March 14, 1947, and lived together as husband and wife until June 23, 1969, when they separated because of an accumulation of difficulties stemming primarily from Mr. Womack's interest, or at least interest which Mrs. Womack suspected he had, in a female fellow employee. Mrs. Womack told Mr. Womack to get out of their home and he did.

On August 7, 1969, Mrs. Womack filed a petition for separate maintenance, alleging that Mr. Womack had treated her with contempt, neglect and abuse systematically and habitually pursued to the extent that her condition in life had become intolerable. Mrs. Wom-

ack alleged the birth of three children, two of whom are still minors and in her custody. She prayed for permanent custody of the children; for a reasonable amount for the support of herself and the children; for permanent use of the homestead and automobile, and for attorney's fees and court costs. Mr. Womack responded by general denial except as to the marraige, separation, and birth of the children. He recognized his obligation to support his wife and children and prayed that the court enter such order as under the circumstances may be proper.

The petition was set for hearing on August 25, 1969, and on that date both Mr. and Mrs. Womack testified as to his income, and their respective expenses and needs. No evidence was offered at that hearing as to fault of the parties. This hearing was obviously in connection with temporary support, possession of property, and suit money. After the hearing on August 25, 1969, and before the chancellor acted on the petition; or at least before he entered an order in connection therewith, Mr. Womack moved back into the home, over Mrs. Womack's objections, and on September 4, 1969, he filed a petition alleging facts and praying relief, as follows:

"Subsequent to the hearing of this matter on August 25, 1969, the defendant, Winter C. Womack, returned to the parties' household where he is now living and is ready, willing and able to provide for his wife and children.

Therefore, this action has become moot and there is no basis for the entry of any order for support, maintenance or related matters.

WHEREFORE, premises considered, the defendant prays that the Court find that this matter is moot and an appropriate order be entered."

It was at the hearing on this petition that evidence

was first adduced by both parties as to the cause of the separation in the first place. It appears from the evidence that Mrs. Womack came into possession of letters addressed to Mr. Womack and signed by someone named "Sue." It also appears that Mrs. Womack on one occasion observed Mr. Womack leaving a hotel with a woman by that name, and on another occasion she observed Mr. Womack and Sue having lunch together at a diner. Mr. Womack was employed in radio and he had been observed, by their older son, leaving the radio station late at night in the company of Sue, and Mrs. Womack had received anonymous letters and telephone calls pertaining to the same person. The evidence indicates that Mr. Womack first denied everything when confronted with Mrs. Womack's accusations, but when his denials seemed only to aggravate the situation, he adopted the procedure of not denying anything. Mr. Womack contends that his relations with Sue have been of an innocent business nature and that his wife has no justification for separate maintenance.

The chancellor denied Mr. Womack's petition by order dated September 12, 1969, and on the same date entered an order awarding Mrs. Womack *temporary* support in the amount of $600 per month, together with $100 per month support for the minor child at home. The chancellor also ordered Mr. Womack to pay tuition for the older son in the amount of $521 and to pay an allowance for him in the amount of $50 per month. The chancellor also ordered Mr. Womack to pay Mrs. Womack's attorneys a fee of $750.

On his appeal to this court Mr. Womack relies on the following points for reversal:

"The order of the Chancellor in overruling the appellant's petition to set aside separate maintenance was contrary to the evidence presented in this case and the law applicable thereto.

The order of temporary support and maintenance

to appellee is exorbitant and should be reduced accordingly.

The attorneys' fees awarded as a part of the court's order of temporary support and maintenance is exorbitant and should be reduced to a reasonable sum."

It is apparent from the face of the pleadings, as well as from the evidence adduced at the hearing on Mr. Womack's petition, that this is not the type of case where Mr. Womack can moot Mrs. Womack's alleged cause of action by simply returning to live with her against her will. Mrs. Womack did not tell Mr. Womack to leave because he was not supporting her. She alleged in her petition that he treated her "with contempt, neg'ect and abuse systematically and habitually pursued so as to make her condition in life as his wife intolerable." Whether Mrs. Womack can sustain her allegations by actual proof remains to be seen when her petition is heard on its merits for a permanent decree of support, child custody, and property rights. The circumstances under which Mr. Womack left his wife and home are revealed by his own testimony, as follows:

"I walked in the bedroom as soon as I got there, which is a habit of mine, and pulled off my coat and there was a suitcase on the bed which my kids had given me in 1965. My wife had followed me into the bedroom and I asked her what the suitcase was doing on the bed and she said—that is to pack your clothes in and get your blank out of here. I asked her why and she said—just get out of here. I tried to talk to her but she wouldn't talk to me so I packed my clothes and went to the farm. On Wednesday I went back to the house to get my tie pins and I went into the bedroom and again she followed me in there and I said—Doris, why did you put my suitcase on the bed just when I thought we had everything worked out and she said—I didn't put it there, your daughter did. I called my daughter the

next day and asked her why she had put the suit-
case on the bed and she said—I am tired of you
making mother unhappy."

The facts in this case present a situation wherein
a wife packs her husband's suitcase, tells him to get out
and he does. The wife then files a petition for separate
maintenance alleging that the husband has mistreated
her to the extent that her condition as his wife has
become intolerable. The husband then files a petition of
his own saying that he has returned to the home and
intends to stay there and support his wife and therefor
his wife's petition for separate maintenance has become
moot and should be dismissed. We are simply unable to
follow Mr. Womack's reasoning on this point. It should
be perfectly obvious to him that Mrs. Womack com-
plains of something more than his being absent from the
home and nonsupport. It is perfectly obvious that Mrs.
Womack suspects that her husband has become inter-
ested in another woman to the extent that she, Mrs.
Womack, does not want Mr. Womack back, living under
the same roof with her.

Ark. Stat. Ann. § 34-1202 (Repl. 1962) provides as
follows:

"Grounds for divorce. The chancery court shall
have power to dissolve and set aside a marriage con-
tract, not only from bed and board, but from the
bonds of matrimony, for the following causes:

\*    \*    \*

Fifth: Where either party shall be addicted to ha-
bitual drunkenness for the space of one (1) year
or shall be guilty of such cruel and barbarous treat-
ment as to endanger the life of the other, or shall
offer such indignities to the person of the other as
shall render his or her condition intolerable."

Ark. Stat. Ann. § 34-1210 (Repl. 1962) provides as

follows:

> "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and proceedings as in cases of contempt, and the court may allow additional attorney's fees for the enforcement of payment of alimony, maintenance and support provided for in the decree."

While an independent suit for separate maintenance may be brought and maintained under the broad powers of equity (*Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459), we are of the opinion that the petition filed by Mrs. Womack was essentially a petition for a divorce from bed and board, and the award of separate maintenance during the pendency of the action, as well as attorney's fees, was within the sound discretion of the chancellor. *Gladfelter* v. *Gladfelter*, 205 Ark. 1019, 172 S. W. 2d 246.

In *Gilliam* v. *Gilliam*, 232 Ark. 765, 340 S. W. 2d 272, the wife filed suit for separate maintenance. The grounds alleged in the petition are not set out in the opinion, but Mrs. Gilliam testified as to physical abuse accorded her by Mr. Gilliam. In sustaining the award for separate maintenance, this court said:

> "We have a long line of cases which recognize that under what is now § 34-1202, Ark. Stat. the Chancery Court has the power to decree separate maintenance to the wife."

We do not attempt to distinguish between independent actions for alimony and those in connection with actions for divorce because that has already been done in *Wood* v. *Wood*, supra. In the case at bar allegations were made, proof was offered and the issues were tried and considered as a petition for divorce from

bed and board. The case has not been heard by the chancellor on its merits, and it is recognized by all parties concerned that the order appealed from is temporary. Mr. Womack's monthly income amounts to between $1,-100 and $1,400. Certainly a wife may not leave her husband or drive him away without cause and demand that he continue to support her. Neither may a husband force his wife to endure his conduct constituting grounds for divorce or forfeit her right to maintenance and support.

Mrs. Womack may not be entitled to separate maintenance at all when this matter is heard on its merits, but we are unable to say that the chancellor abused his discretion in the temporary awards made in this case. Mr. Womack also complains that the attorney's fee of $750 awarded against him is exorbitant. The attorney's fee awarded by the chancellor was in the nature of suit money and may have included fee for services in the future, as well as for services performed. Mr. Womack's contention that the fee is exorbitant, as well as Mrs. Womack's petition for an additional attorney's fee on appeal to this court, may be considered and passed on by the chancellor on final hearing and disposition of this case.

Affirmed and remanded.