BOBBY RAY MASON *v.* JEAN MARIE MASON

5-5274                                    455 S. W. 2d 851

Opinion delivered June 29, 1970
[Rehearing denied August 3, 1970.]

*J. H. Carmichael, Jr.,* for appellant.

*Herrod & Cole,* for appellee.

CARLETON HARRIS, Chief Justice. Jean Marie Mason, appellee herein, instituted suit in the Pulaski County Chancery Court, seeking an absolute divorce from Bobby Ray Mason, appellant herein, alleging various indignities to her person, pursued to the extent that her condition in life became intolerable. A division of the personal property owned by the parties was sought, including a request that appellant be directed to make the remaining payments due on household goods. Appellant answered, praying that the complaint be dismissed; it was further asserted that his total debts were such a burden that he would not be able to pay same; that it would be necessary for him to file a voluntary petition in bankruptcy to obtain relief; that such petition would be filed on November 10, 1969.[1] On November 13, appellant amended his answer, stating that he had filed the petition for bankruptcy in the United States District Court for the Eastern District of Arkansas, Western Division, and that the case had been referred for further proceedings to the Referee

[1]The answer was filed on November 3, 1969.

in Bankruptcy. The answer also stated that on the previous day, the referee had entered an order prohibiting any person from taking further action for collections against the bankrupt, pending further orders of the bankruptcy court. On November 14, the chancery court entered a temporary order, finding that the court was without jurisdiction to make an award of any of the property, but an order was entered directing appellant to pay, commencing on November 14, 1969, to appellee the sum of $40.00 per week for her support and maintenance. Mason was also directed to pay a fee of $100.00 to appellee's attorney, and court costs. Thereafter, on December 18, 1969, appellant was directed to appear in court on January 5, 1970, to show cause why he should not be held in contempt for failure to comply with the order of November 13. The record does not however reflect any hearing, and on January 21, 1970, Mason was again directed to appear in court to show cause why he should not be held in contempt, this order directing that he appear on January 29, 1970, which was the same date already set for the trial of the case on its merits.[2] On that date, both parties appeared, and the court announced that it would hear proof on both the question of divorce, and the alleged contempt of appellant. No objection was raised to this procedure by either party or attorney. Thereafter, Mrs. Mason testified both to her grounds for divorce, and the failure of her husband to comply with the court's order, and her mother testified on her behalf in the divorce case. Appellant also testified; however, all of his testimony dealt with the contempt citation, Mason stating that he was not able to pay $40.00 a week, and he admitted that he was delinquent in his payments. The court denied an absolute divorce because of a lack of corroboration, but, in effect, granted a divorce from bed and board, ordering "that the divorce sought in this action is hereby denied, but that the complaint not be dismissed, the court retaining jurisdiction over this cause". It was further ordered

[2]On January 5, 1970, the referee in bankruptcy entered an order finding "that there were no assets available for benefit of common creditors and that all property should be disclaimed and abandoned".

that the support order should remain in full force and effect until further orders, and that appellee was given judgment in the sum of $241.00 for the arrearage due as of January 29, 1970. An additional attorney's fee was awarded appellee's attorney.

A separate order was entered finding that Mason was in contempt of court for his failure to make payments totaling $241.00, but Mason was allowed until February 6, 1970, to become current; upon a failure to become current, appellee's counsel was directed to present to the court an order of arrest providing that the sheriff should confine Mason to the county jail for a period of 30 days, unless appellant should present a cash bond in the amount of $350.00 payable to the sheriff, and to be held by him until further orders of the court. From the decree so entered, appellant brings this appeal.

For reversal, it is first asserted that no service was had upon appellant or his attorney advising of the contempt hearing, and the court was without jurisdiction of the person of the appellant. He relies upon Ark. Stat. Ann § 27-364 (Supp. 1969), and the case of *Henry* v. *Henry,* 247 Ark. 771, 447 S. W. 2d 657. This case and statute can afford no relief to appellant. In *Henry* v. *Henry, Supra,* there was an effort, after the divorce had been granted, to enforce a property settlement which apparently had been entered into between the parties, but had not been incorporated in the divorce decree; nor was any notice given that Mrs. Henry was actually endeavoring to modify the decree. Henry was only ordered to show cause why he should not be held in contempt. It is at once obvious that the facts there were entirely different from those in the present litigation. Here, Mr. Mason appeared in court, and admitted that he was aware of the fact that he had been ordered to pay $40.00 per week, and further admitted that he had not made all of the required payments because "I didn't have the money. At times I didn't have the money to pay".

Prior to hearing any witnesses on either the main case or the contempt citation, counsel for appellee stated, "If the Court please, this is a complaint filed by Mrs. Mason October 13, 1969 for a divorce, possession of one of the automobiles of the parties and the household goods. It is also a contempt hearing for the failure to comply with this Court's order of November 13, 1969, with regard to the payment of support and maintenance to the plaintiff by the defendant". Counsel for appellant then stated, "I think we are up on the payments the court required us to pay. I believe the proof will show that. However, I think he did pick up the amount, in fact it was double, I think. No, it was triple. One thing I question here, whether or not he [she] is going to ask for divorce this morning". The court then announced that it would hear proof on both matters, and proceeded to do so. Not one single objection was raised to hearing the contempt matter, and, even if there were merit in the contention that the statute had not been complied with, it would be too late to raise that question now.

It is next asserted that since Mrs. Mason was not granted the divorce, her complaint should have been dismissed. We do not agree. Apparently, the court refused an absolute divorce because of the fact there was not sufficient corroboration of appellee's grounds for divorce (most of the mother's testimony was hearsay)—not because she failed to make out a case by her own testimony. Of course, if the complaint had been dismissed for lack of equity, appellant might have considered himself free of the obligation to support his wife. The court commented upon this phase of the case as follows:

"He is obviously in willful, open contempt of this Court's order. This Court is hardheaded about its orders which it feels it should be. To not be hardheaded permits a husband who wants more time to require a wife who was not working at the time the order was entered to grovel in the street or manage some way to get herself fed and housed and clothed.

\* \* \* And where the divorce is denied the wife, this does not mean the Court is bound to dismiss her complaint and relegate her back to the streets or the law of the jungle, the club, to seek to gain any support from her spouse. He married her. \* \* \* In this Court and this state under the law prevailing a husband taking a wife is required to support her. It is this simple."

Ark. Stat. Ann. § 34-1202 (Repl. 1962) provides that the chancery court shall have power to dissolve and set aside a marriage contract from the bonds of matrimony, and also from bed and board. We have held that the court has sound discretion to grant a divorce from bed and board, even though both parties seek an absolute divorce. See ·*Crews* v. *Crews* 68 Ark. 158, 56 S. W. 778. In the opinion, written by Chief Justice Bunn, it was pointed out that the chancellor had found that both parties were, to some extent, at fault, but that the fault of the husband was greater than that of the wife. Nonetheless, we approved the court's action in granting a divorce from bed and board to the wife, which included an award of alimony. In the case before us, there was no finding of fault on the part of the wife and the court was certainly justified in entering the order here in question.

It follows, from what has been said, that we do not agree that a writ to quash the court's order of February 2, 1970, (relating to contempt) should be issued.

Affirmed.