Carrie Jean SPENCER *v.* Monroe Carl SPENCER

82-4                                   627 S.W. 2d 550

Supreme Court of Arkansas
Opinion delivered February 8, 1982

*Marsha L. Choate,* for appellant.

*G. Alan Wooten* and *Toni Swift-Nolan,* of *Warner & Smith,* for appellee.

JOHN I. PURTLE, Justice. Appellant filed suit for divorce and appellee counterclaimed for a divorce. At the commencement of the trial the appellant amended her complaint to ask for separate maintenance. The trial court rejected appellee's complaint for a divorce and granted appellant a decree of divorce from bed and board only. The property rights were divided in accordance with Ark. Stat. Ann. § 34-1214 (Supp. 1979).

Appellant appeals on the ground that the chancellor erred in granting her a divorce from bed and board and in making disposition of the property. We agree with the appellant that the chancellor was incorrect in awarding a decree from bed and board only. The appellee brought a

cross-appeal and argued that he should have been granted a divorce. We disagree with appellee's contention that he should have been granted a divorce on the evidence presented.

The facts in this case are relatively unimportant and not in dispute. Appellee clearly failed to prove his case for divorce, and the appellant obviously proved she had the right for divorce. The question before this court is whether the chancellor erred in awarding a greater degree of divorce than the appellant sought; also, whether or not property may be distributed under the statute when less than an absolute divorce is granted.

Ark. Stat. Ann. § 34-1202 (Supp. 1981) gives the chancery court power to dissolve and set aside a marriage contract not only from bed and board but from the bonds of matrimony. This portion of the statute has been in effect for many years. We held in the case of *Womack v. Womack*, 247 Ark. 1130, 449 S.W. 2d 399 (1970), that the statute gave chancery court the inherent authority under the broad powers of equity to grant a decree of separate maintenance. Although there is no statutory authority for such, we have continued to hold that it is within the power of the chancery court to grant a decree of separate maintenance. Prior to Act 705 of 1979, Ark. Stat. Ann. § 34-1214 provided: "In every final judgment for divorce from the bonds of matrimony . . ." the property rights were to be disposed of by the court. The present act as amended states: "At the time a divorce decree is entered . . . " the property shall be divided in accordance with the formula set forth therein. We have been unable to find any case holding that property rights are to be adjudicated upon the rendition of a decree of separate maintenance. We held in the recent case of *Mooney v. Mooney*, 265 Ark. 253, 578 S.W. 2d 195 (1979), that the property belonging to the parties could not be divided unless a divorce was granted.

In the present case the record clearly shows that appellant, with the consent of the court and knowledge of the appellee, amended her complaint to seek only separate maintenance. Therefore, we think this is the only type of decree which could have been entered in the present case. We

are not unmindful of the fact that the appellant's solicitor prepared and approved it as to form. However, it is customary for one of the parties' solicitors to be requested to prepare the decree. This is not binding to the extent that it would prevent an appeal from that order even though it had been approved as to form by the appellant.

In view of the fact that the court did not have the authority to dispose of the property rights the case is remanded with directions to enter an appropriate order of a decree of separate maintenance.

Reversed and remanded.

DUDLEY, J., concurs.

ROBERT H. DUDLEY, Justice, concurring. I concur, but I feel that there may be a law student or a young lawyer who does not understand the distinctions in the three causes of action discussed in the majority opinion. It is for that person that I set out the differences:

1. An absolute divorce, or divorce from the bonds of matrimony or divorce a vinculo matrimonii, is a statutory action based on the grounds set out in Ark. Stat. Ann. § 34-1202 (Supp. 1981). Property must be divided upon granting an absolute divorce. § 34-1214 (Supp. 1981). Corroboration is required in contested cases. §§ 34-1207 and 34-1207.1 (Repl. 1962 and Supp. 1981).

2. A limited divorce, or a divorce from bed and board, or a divorce a mensa et thoro, is a statutory action based on the same grounds as those specified for an absolute divorce. *Lytle v. Lytle*, 266 Ark. 124, 583 S.W. 2d 1 (1979). Property must be divided upon the granting of a divorce. § 4, Act 799 of 1981.[1] Corroboration is required,

---

[1]Section 4 of Acts 1981, No. 799, read: "It is hereby found and determined by the General Assembly that under the present Arkansas law, there is no provision for a 'decree of legal separation'; that since there is no such provision, paragraph (3) of subsection (B) of Section 461 of the Civil Code as amended by Act 705 of 1979 actually has no application; that in a recent decision, the Arkansas Supreme Court carefully distinguished the

§ 34-1207 and § 34-1207.1, but see, *Mason* v. *Mason,* 248 Ark. 1177, 455 S.W. 2d 851 (1970).

3. An independent cause of action will lie for alimony. Reference is made to the action by Ark. Stat. Ann. § 34-1201 (Repl. 1962) but it is maintained under the broad power of equity. *Wood* v. *Wood,* 54 Ark. 172, 15 S.W. 459 (1891). There are no meaningful distinctions between the action for alimony and today's action for separate maintenance. See *Rosenbaum* v. *Rosenbaum,* 206 Ark. 865, 177 S.W. 2d 926 (1944). In an action for separate maintenance it is unnecessary to establish statutory grounds, all that must be established are a separation and an absence of fault. *Hill* v. *Rowles, Chancellor,* 223 Ark. 115, 264 S.W. 2d 638 (1954). In a suit for separate maintenance there is no statutory requirement for corroboration. *Gilliam* v. *Gilliam,* 232 Ark. 765, 340 S.W. 2d 272 (1960). Property cannot be divided in a separate maintenance proceeding although possession may be awarded. Child custody actions between parents are actions derivative of divorce or separate maintenance. There is no independent cause of action by one parent against the other solely for child custody. *Robins* v. *Arkansas Social Services,* 273 Ark. 241, 617 S.W. 2d 857 (1981).

---

proof requirements of absolute divorce and divorce from bed and board; that this Act is designed to clarify paragraph (3) of subsection (B) of Section 461 of the Civil Code, as amended, to specifically make the provisions thereof with respect to the division of property applicable not only in decrees of absolute divorce but also the decrees of divorce from bed and board; that this Act should be given effect immediately to render the provisions of present property division law compatible with the divorce law and cases. Therefore, an emergency is hereby declared to exist and this Act being necessary for the immediate preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval." Approved March 28, 1981.