IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 29, 2007 Session

## HEATHER MCBRIDE v. SHERRY NEBEL WEBB

**Direct Appeal from the Circuit Court for Robertson County**
**No. 10925      Hon. Ross H. Hicks, Circuit Judge**

**No. M2006-01631-COA-R3-CV - Filed September 25, 2007**

In this action, plaintiff obtained a Default Judgment.  Defendant moved to set aside the Judgment. The Trial Court refused, and we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

D. Scott Wilder, Nashville, Tennessee, for appellant.

M. Ben Moore, II., Nashville, Tennessee, for appellee.

## OPINION

In this action for damages based on retaliatory discharge, plaintiff obtained a default judgment against defendant and the Trial Judge refused to set aside or grant a new trial on defendant's Motion.  The focus of this appeal is on the Trial Judge's refusal to set aside the default judgment.

### Background

Plaintiff's action alleged that she was wrongfully terminated from defendant's employment because she reported to the authorities defendant's "illegal" misconduct at a daycare center operated by defendant, and that defendant retaliated by terminating her employment.  The

summons and complaint were personally served upon defendant by the County Sheriff's department on May 2, 2005, after the deputy could not serve Ms. Webb at the daycare center located at 2443 Highway 41 South, Greenbrier, Tennessee, 37073. Defendant, upon hearing that the deputy had been to her business, went to the Sheriff's office and picked up the summons and complaint.

Subsequently, defendant was deposed and she testified that she recalled reading the summons and agreed that the document stated that if she failed to file an answer to the complaint within 30 days of service, a judgment of default could be taken against her. She claims, however, that she did not understanding the meaning of the summons at the time she received it, and that she did not seek legal counsel at the time she was served, because she did not have money to pay an attorney. Defendant never filed an answer, nor did she make any appearance until after the Judgment was entered.

Plaintiff filed a Motion for Default Judgment on March 8, 2006 and a hearing on the Motion was set for March 29, 2006. A certificate of service on the Motion dated March 7, 2006, and signed by plaintiff's attorney, recites that the Motion was sent to the defendant at "2443 Highway 41 South, Greenbriar [sic], TN".

Defendant in her later deposition, testified that she never received a copy of the Motion for Default, although the address on the certificate of service was correct. Her explanation was that Lisa Hudson, the director of the daycare center, would have been responsible for receiving the mail delivered to the center, and she would have passed on to the defendant any mail addressed to her.

The Motion for Default was delayed to April 25, 2006, and the record shows that plaintiff's attorney mailed a copy of the letter to the Clerk of the Court to that effect to defendant at the Highway 41 South address. Again, defendant testified that she did not receive the copy of that letter. On April 25, defendant did not appear and the Trial Court entered a Default Judgment against defendant, and set the hearing for damages on June 7, 2006. The record show that plaintiff's attorney sent a copy of the Order to defendant with a certificate of service stating the order was mailed to the Highway 41 South address. Again, Webb maintained that she did not receive the order in the mail.

A hearing on damages was held on June 7, 2006, and defendant did not appear. The Circuit Court issued a Final Judgment giving damages to plaintiff in the amount of $16,373.00. The record shows that plaintiff's attorney mailed a copy of the Final Judgment with a certificate of service to defendant at the Highway 41 South address.

The record further shows that defendant had sold the daycare center on June 1, 2006 and the new owners were in possession of the business when the copy of the Judgment was mailed to that address. The owners called defendant and informed her of the letter, and then faxed the documents to the defendant. Defendant maintains the only documents she received relative to the lawsuit were the Summons and Complaint and the Final Judgment.

Upon receipt of the Judgment, defendant, through counsel, filed a Tenn. R. Civ. P. 59 Motion to Set Aside the Default Judgment on June 19, 2006. Her affidavit was attached, along with a proposed Answer. Defendant, in her Answer, maintains that she was never served with a written notice of the Application for Default Judgment prior to the hearing, as required by Tenn. R. Civ. P. 55.01.

The Trial Judge overruled the Motion and defendant has appealed.

Defendant's issue on appeal is whether the Trial Court abused its discretion in refusing to set aside the Default Judgment.

Tenn. R. Civ. P. 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." The relevant portion of Rule 60.02 states, "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ." "Under Rule 60 'the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tenn. Dept. Of Human Servs. V. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (citing *Tenn. State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980)). Courts construe Rule 60 with liberality when a party seeks relief from a default judgment. *Barbee*, at 866; *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). If any reasonable doubt exists as to whether the default judgment should be set aside, the courts should grant relief. *Nelson*, at 486; *Keck v. Nationwide Systems,*,499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

When evaluating a motion to set aside a default judgment based upon the grounds specified in Rule 60.02(1), the court must consider three factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (*citing Barbee*, 689 S.W.2d at 866).

Defendant maintains she never received the Motion for Default Judgment that plaintiff's counsel mailed to her and seeks relief from the Trial Court's entry of the Default Judgment. The Motion for Default Judgment contained a certificate of service executed by plaintiff's counsel, stating that the Motion was mailed to defendant at the Highway 41 South address. A certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent. *Or v. Or*, No. 01-A-01-9012-CH-00464, 1991WL 226916 at *4 (Tenn. Ct. App. Nov. 6, 1991), *citing Henry v. Henry*, 247 Ark. 771, 447, S.W.2d 657, 659 (1969).

In the *Estate of Vanleer v. Harakas, et al.,* No. M200100687COA53CV, 2002WL32332191 (Tenn. Ct. App. Dec. 5, 2002) a case similar in some respects authored by Judge Cottrell, the Court held that the defendants' testimony that the notice was not received rebutted the

presumption that it was received by the person to whom it was sent. Assuming *arguendo*, but not deciding, the presumption was rebutted,[1] the issue thus becomes whether the *Barbee/Henry* criteria are met.

The first criteria provided by *Barbee* is whether the default was "willful". *Id. at 866.* The original source of the willfulness standard was the Federal Second Circuit.[2] That Circuit defines willfulness as "conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). This definition does include "strategic decision[s] to default"[3] and conduct that is "egregious and not satisfactorily explained."."[4]

Defendant's conduct in failing to respond to the Complaint and in not consulting legal counsel was willful under the above stated criteria. She admitted that she received the summons and complaint and she recalled reading the summons. She agreed that the document stated that if she failed to file an answer to the Complaint within thirty days of service a default could be taken against her. She claimed, however, she did not understand the meaning of the summons at the time she received it.

In defendant's brief before us, she argues that she is not versed in the law and has only a high school education. None of these excuses point to merely negligent or careless conduct. She read the summons and did nothing to respond to the Complaint as directed by the summons. This is willful conduct. Further, her excuse that she did not understand the language of the

---

[1] The fact that defendant received the Complaint and a copy of the Judgment casts doubt on her credibility that she did not receive the other three mailings.

[2] The Tennessee Supreme Court adopted the willfulness standard from the United States Court of Appeals for the Second Circuit. *Barbee*, 689 S.W.2d at 866 (quoting the willfulness standard from *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).

[3] *Am. Alliance Ins. Co.,* 92 F.3d at 61 (*citing United States v. Erdoss*, 440 F.2d 1221 (2d Cir. 1971); *Dal Int'l Trading Co. V. Sword Line, Inc.,* 286 F.2d 523 (2d Cir. 1961); *Benton v. Vinson, Elkins, Weems & Searls,*, 255 F.2d 299 (2d Cir. 1958)).

[4] *McNulty*, 137 F.3d at 738; *see, e.g.*, *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243–44 (2d Cir.1994) (failing, for incredible reasons, to respond to the complaint, after purposely evading service for months);*Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980) (failing, without explanation, to comply with scheduling orders); *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir.1978) (failing, for incredible reasons, to appear at a scheduled pre-trial conference and delaying, due to the collapse of counsel's office floor, more than ten months before moving to set aside the resulting default); *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) (failing, without explanation, to respond to a motion for summary judgment); *Schwarz v. United States*, 384 F.2d 833, 835–36 (2d Cir.1967) (attorney's decision to wait until the eve of trial to inform the Court that he would be unavailable to try the case the next day was inexcusable).

or that she is not versed in the law is without merit. It is well established that ignorance of the law is not excusable neglect or a proper ground for relief under Tenn. R. Civ. P. 60.02. *Food Lion, Inc. v. Washington County Beer Bd.,* 700 S.W.2d 893,896 (Tenn. 1985); *Kilby v. Sivley*, 745 S.W.2d 284 (Tenn. Ct. App. 1987). As the Supreme Court noted in *Food Lion*: "[i]f this Court were to hold that ignorance of the law is a proper ground for relief under [Tenn. R. Civ. P. 60.02], it is hard to conceive how any judgment could be safe from assault on that ground." *Id.* at 896. Further the implication that defendant could not understand the language of the summons because she is only a high school graduate is not convincing. She is a business women who at the time the Complaint was served owned a daycare center with some forty-eight children. Clearly, by this record, defendant acted in a willful manner when she decided not to respond to the Complaint.

At this juncture, we conclude that it unnecessary to address the remaining criteria for setting aside a default judgment, and hold that the Trial Court's refusal to set aside the default judgment should be affirmed because defendant acted willfully when she did not respond to the Complaint, which resulted in the entry of the default judgment.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the defendant, Sherry Nebel Webb.

_____
HERSCHEL PICKENS FRANKS, P.J.