Dickson COLEMAN *v.* Marie COLEMAN

CA 82-267                          648 S.W.2d 75

Court of Appeals of Arkansas
Opinion delivered March 16, 1983

*Hoofman & Bingham, P.A.*, by: *John Biscoe Bingham*, for appellant.

*Ruby E. Hurley* and *Stephen E. Whitwell*, for appellee.

LAWSON CLONINGER, Judge. Appellee, Marie Coleman, was granted a decree of separate maintenance against appellant, Dickson Coleman, on February 9, 1982, and the only issue on this appeal is the correctness of the trial court's order awarding to appellee as her sole and separate property a $10,000 certificate of deposit.

The order is an improper final award of property. We reverse the decision and remand the case to the trial court.

On January 6, 1981, the appellant purchased the certificate in question with his funds and placed appellee's name on it. When appellant and appellee separated on May 10, 1981, appellant took the certificate with him, and it was in his possession at the time of the hearing in the trial court. The appellee initially endorsed the interest checks on the certificate which came in her name and delivered them to appellant, but appellee has retained the interest checks since the parties separated.

The decree of the trial court provides as follows:

8. That the plaintiff is entitled to retain as her sole and separate property the $10,000 certificate of deposit which currently exists in her name and shall be allowed to expend the interest and principal from said certificate of deposit as she so desires and further that the physical possession of said certificate should be placed with the plaintiff.

An action for separate maintenance is not an action which is based upon statutory authority, but there is inherent power in a court of equity to grant a decree of separate maintenance. *Womack* v. *Womack*, 247 Ark. 1130, 449 S.W.2d 399 (1970). Ark. Stat. Ann. § 34-1214 (Supp. 1981) provides for a division of property at the time a divorce decree is entered, but the Arkansas Supreme Court has held that a chancellor has no authority to dispose of property rights in an award of separate maintenance. *Mooney* v. *Mooney*, 265 Ark. 253, 578 S.W.2d 195 (1979); *Spencer* v. *Spencer*, 275 Ark. 75, 627 S.W.2d 550 (1982). In a concurring opinion in *Spencer* v. *Spencer*, Mr. Justice Dudley observed that "Property cannot be divided in a separate maintenance proceeding although possession may be awarded."

In *Mooney* v. *Mooney, supra,* the court upheld the chancellor's finding that the husband was not entitled to a divorce, and held that the property of the parties could not be divided unless a divorce was granted.

*Mooney* v. *Mooney, supra,* involved, among other things, a dispute regarding the source of the money used to purchase a certificate of deposit in the name of the wife only. The Arkansas Supreme Court upheld the chancellor's finding that the husband was not entitled to a divorce, and ruled that "The property, of course, cannot be divided unless a divorce is granted."

In this case, Mr. Coleman contends that there was no completed gift of the certificate. Mrs. Coleman insists that there was a completed gift, and that the certificate is her sole and separate property. The award by the chancellor was a final disposition of the property rights of the parties, and is unauthorized under a separate maintenance award. It is

proper, however, for the trial court to award possession of the certificate and to award the income from the certificate for the support of appellee.

The case is reversed and remanded with directions to enter an order of possession of the certificate, an order of distribution of the income therefrom if the trial court deems it necessary for the maintenance of appellee, and an order to safely preserve the certificate until a divorce decree is granted.

Reversed and remanded.