George Wilson PENNYBAKER v.
Sally Hill PENNYBAKER

CA 84-372                                        687 S.W.2d 524

Court of Appeals of Arkansas
Division I
Opinion delivered April 3, 1985

252

*Douglas W. Parker,* for appellant.

*Gean, Gean & Gean,* by: *Lawrence W. Fitting,* for appellee.

TOM GLAZE, Judge. Appellant appeals from a divorce decree because of his dissatisfaction with the chancellor's division of the parties' properties. Appellant's sole contention is that the trial court erred in not complying with Ark. Stat. Ann. § 34-1214 (Supp. 1983), by failing to state in

writing its basis and reasons for not returning appellant's nonmarital property to him. However, his disagreement with the trial court's decision extends to the court's treatment of some of the parties' marital property as well. Appellant claims that it did not divide the property equally and that it gave no reasons for not having done so. We disagree and therefore affirm.

The statutory provisions in issue are set forth in § 34-1214(A)(1), (A)(2) and (B). Under § 34-1214(A)(1), the trial court must equally divide the parties' marital property between them unless the court finds and states in the order its basis and reasons for not doing so. With the exception of those items listed in § 34-1214(B)(1) through (5), marital property is defined as all property acquired by either spouse subsequent to the marriage. Nonmarital property, on the other hand, must be returned to the party who owned it prior to the marriage unless the court states in writing its basis and reasons for dividing it otherwise. In unequally dividing either marital or nonmarital property, the court must consider those factors enumerated in § 34-1214(A)(1), *viz.*, the length of the marriage; age, health and station in life of the parties; occupation of the parties; amount and sources of income; vocational skills; employability; estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker; and the federal income tax consequences of the court's division of property.

In the instant case, the appellant and appellee each brought property into the marriage, but appellant's was the more substantial. In fact, appellant's underlying argument in this appeal is that the trial court's award to appellee failed to take into consideration the disparate amounts each party owned before their marriage, and that the court did not trace and distribute their respective property interests as required in *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983).

Appellant's two major premarital assets were a trailer park and the house in which the parties lived. Appellee

brought into the marriage a mobile home and savings in the amount of $1,263.00. Appellee's premarital property was subsequently utilized in underwriting appellant's defense against a criminal prosecution. During their marriage, the parties also sold appellant's trailer park for $200,500.00 which was payable in monthly payments of $1,813.55.[1] At the time of their divorce, the parties still retained the homeplace.

In granting appellee the divorce, the trial court ordered certain marital property sold and the proceeds equally divided between them. It also awarded them the vehicles each brought into the marriage. In considering their other marital and nonmarital interests, the court awarded the homeplace to appellant and ordered $500.00 to be paid appellee from the $1,813.66 monthly payments due under the contract of sale of the trailer park. At the time of divorce, eighty-six payments were due on the contract — which, under the court's decree, results in awarding $43,000 to appellee and $112,974 to appellant if all payments are made.

In making its awards, the trial court recited in its decree the factors enumerated in § 34-1214(A)(1). The decree also set forth the following additional findings or reasons:

> [T]he . . . [appellee] has contributed much time in accounting and services which she performed in connection with the business which was operated by these parties during their marriage and that such was of great benefit to said business and the court finds that personal property of the [appellee] which was non-marital property was used in the business which was conducted by these parties during the time that they were living together as husband and wife, and that such business was operated on property owned by the [appellant] prior to marriage.

---

[1]Actually, this was the net amount distributed between the parties after deducting a monthly payment of $369.43 on a mortgage against the property.

Although appellant urges that the trial court failed to state its basis and reasons for making its award, his actual argument is that the court's reasons are insufficient and fail to support the unequal award it made. In his argument, appellant attempts to detail the parties' respective properties and contributions to their marriage, and he claims if one construes the evidence most favorably to the appellee, she is entitled only to $26,747, not $43,000. In so calculating, appellant credits appellee with her premarital interests and lists joint contributions made on the homeplace and trailer park business. Appellee responds with her own statistics, claiming appellant omitted certain marital contributions she made during the marriage and which were supported by the evidence and considered by the trial court in its award.

As we have stated earlier, the chancellor had authority to make an unequal division of the parties' personal property so long as he considered the factors set forth in Ark. Stat. Ann. § 34-1214(A)(1) (Supp. 1983). *Cantrell* v. *Cantrell,* 10 Ark. App. 357, 664 S.W.2d 493 (1984). Here the trial judge made an unequal division and stated his reasons for doing so. Unless his findings are clearly against the preponderance of the evidence, we will not reverse. *Carrick* v. *Carrick,* 13 Ark. App. 42, 679 S.W.2d 800 (1984). While the trial court's reasons and findings could have been more exacting, we cannot say from our *de novo* review that it clearly erred. For example, although appellant argues that at most the appellee is entitled to $26,747, he omits any reference to her age (67 years old), her employability, or the facts that she kept books for the trailer business for fifty months and was a homemaker for six and one-half years. Furthermore, appellee and her witness (appellant's ninety year old foster mother) testified that appellee worked long hours in caring for and maintaining both the homeplace and trailer park. Appellee also claimed interest (as a gift) in nine rooms of furniture which the trial court awarded appellant. In its decree, the trial court recited the factors enumerated in § 34-1214 and other reasons it considered when making its awards. In his review of the evidence, appellant falls short in demonstrating that the trial court failed to state its reasons for its distribution of the property; nor did appellant show

that the court's findings and reasons were clearly erroneous.[2] Therefore, we affirm.

Affirmed.

COOPER and CLONINGER, JJ., agree.

---

[2]Appellee died after the trial court's decision, and her executrix, Carolyn Jane Rowe, has been substituted as the real party in this cause immediately prior to the delivery of this Court's opinion.