Bobby Dale KESTERSON *v.* Deborah Kay KESTERSON

CA 86-495                                        731 S.W.2d 786

Court of Appeals of Arkansas
Division I
Opinion delivered July 1, 1987

*Edwin J. Alford*, for appellant.

*Steel & Steel*, by: *George Steel, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellee, Deborah Kay Kesterson, filed a complaint for divorce against the appellant alleging general indignities as grounds. At a hearing on the complaint, the grounds were uncorroborated and the chancellor entered a decree granting the appellee a divorce from bed and board. Several months later, the appellant requested an ex parte

emergency hearing, alleging that the appellee was preparing to leave the state and requesting that the chancellor prohibit the appellee from removing certain property from the state. After a hearing, the chancellor entered an order dividing the personal marital property. On appeal, the appellant argues four points for reversal: that the chancellor erred in granting the appellee a divorce from bed and board, because it was clearly against the preponderance of the evidence; that the entry of a decree of divorce from bed and board was contrary to the law; that the division of marital property and award of spousal and child support was contrary to the law and principles of equity; and that the court's modification of its decree was contrary to law and equity. We find merit to two of the appellant's arguments, and we therefore affirm the chancellor's award of support, but we reverse and remand as to the divorce and property division.

We review chancery cases *de novo* on appeal and the chancellor's findings of fact will not be reversed unless they are clearly against the preponderance of the evidence. *Pennybaker* v. *Pennybaker*, 14 Ark. App. 251, 687 S.W.2d 524 (1985). We review the testimony in the light most favorable to the appellee, and indulge all reasonable inferences in favor of the decree, *Gooch* v. *Gooch*, 10 Ark. App. 432, 664 S.W.2d 900 (1984), and we give due regard to the chancellor's superior opportunity to assess the credibility of the witnesses. *Cox* v. *Cox*, 17 Ark. App. 93, 704 S.W.2d 171 (1986).

The appellant's first two arguments regarding the decree of divorce from bed and board are closely related and we will discuss them simultaneously. We agree that the chancellor erred in entering a decree of divorce from bed and board because the grounds were not corroborated; however, we find that the chancellor could have entered an order of separate maintenance.

Divorce from bed and board is a statutory remedy and is based on the same grounds as those specified for an absolute divorce. *Lytle* v. *Lytle*, 266 Ark. 124, 583 S.W.2d 1 (1979). As in a proceeding for absolute divorce, grounds for divorce from bed and board must be corroborated. Ark. Stat. Ann. § 34-1202 (Supp. 1985). In the present case it is uncontroverted that the appellee's grounds were not corroborated.

However, grounds and corroboration of grounds are

unnecessary in an action for separate maintenance. All that must be established are a separation and an absence of fault. *Lytle, supra; Hill* v. *Rowles, Chancellor,* 223 Ark. 115, 264 S.W.2d 638 (1954). There is no statutory authority for an action for separate maintenance; instead it is maintained under the broad power of equity. *Wood* v. *Wood,* 54 Ark. 172, 15 S.W. 459 (1891).

Although the appellant does not directly argue that the chancellor could not enter a decree of separate maintenance, he does argue that he is without fault because the appellee asked him to leave the marital home. However, we find that there is sufficient evidence to support a finding of lack of fault on the appellee's part.

■ At the hearing, the appellee testified that she and the appellant had been having problems for several years and that the situation had become intolerable. She testified that it had been four or five years since the appellant had sexual relations with her, and that, at one point, he had told her that she no longer "excited" him and that if she was interested in sex she should find a lover. She stated further that the appellant was no longer affectionate with her or with their child, and that he told her that he didn't want them to touch him. When the appellee went to Iowa to assist her mother who had just had surgery, the appellant told her that it was not necessary for her to return. Based on this testimony, the chancellor found that the appellee was entitled to a decree of "legal separation or a divorce from bed and board." Based on our *de novo* review of the record, we reverse the chancellor's award of divorce from bed and board, and remand for the entry of a decree of separate maintenance.

The appellant's third argument concerns the spousal and child support awarded to the appellee. The appellee was granted custody of the parties' minor daughter and was awarded $450.00 per month as support for herself and her child. At the conclusion of six months, the support was to be reduced to $225.00 per month as child support. The appellant argues that this was error because he was without fault and because the appellee was as capable of earning money as he was. We affirm the chancellor's award.

■ An independent cause of action will lie for alimony in a court of equity, Ark. Stat. Ann. § 34-1201 (Repl. 1962), and there are no meaningful distinctions between the action for alimony and today's action for separate maintenance. *See Spen-*

*cer* v. *Spencer*, 275 Ark. 112, 115, 627 S.W.2d 550, 551 (1982) (Dudley, J., concurring); *Rosenbaum* v. *Rosenbaum*, 206 Ark. 865, 177 S.W.2d 926 (1944). The purpose is to provide a dependent spouse with support.

The appellant emphasizes that the abandoned wife must be without fault. However, the only evidence of the appellee's fault we can find in the record is the appellant's testimony the appellee frequently picked fights with him. The appellee testified that she intended to seek employment in Iowa as soon as she knew the results of the proceedings, that she had no education after high school, that the only work skill she possessed was working in the gas station owned by the appellant, and that she did not know of any employment she could do in the area. We have already discussed the allegations of fault on the part of the appellant, and, on these facts, we do not find that it was against the preponderance of the evidence for the chancellor to award the appellee support for six months.

As for child support, a parent has a legal duty to support his minor children. *Brown* v. *Brown*, 233 Ark. 422, 345 S.W.2d 27 (1961). Since child custody actions are derivative of divorce or separate maintenance, *Robins* v. *Arkansas Social Services*, 273 Ark. 241, 617 S.W.2d 857 (1981), we find no error in the chancellor's granting child support to the custodial parent, the appellee.

Finally, the appellant questions the chancellor's order dividing the marital property. At the hearing, the appellee testified that she wanted to return to Iowa to live. She stated that Iowa was her original home, and that all of her family lived there. The chancellor refused to grant the appellant's request that the appellee be prohibited from leaving the state. As the appellee was preparing to leave for Iowa, the appellant filed a request for emergency ex parte relief, alleging that the appellee was taking marital property out of the state. At the conclusion of a hearing, the chancellor ordered the parties to divide the property, which they did. From the bench, the chancellor clearly stated that he was awarding only temporary possession of the items; however, in the final order, the "ownership" of the property was determined.

The appellant correctly argues that the chancellor cannot enter an order absolutely dividing the marital property in

an order granting legal separation. *Spencer* v. *Spencer, supra.* However, possession of the property may be awarded. *See Coleman* v. *Coleman,* 7 Ark. App. 280, 648 S.W.2d 75 (1983). We therefore remand this matter to the chancellor for the entry of whatever order the court deems appropriate to divide possession of the marital property.

Affirmed in part.

Reversed and remanded in part.

CORBIN, C.J., and MAYFIELD, J., agree.