# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-745

| | |
|---|---|
| JERI LYNN COENEN<br>　　　　　　　　　APPELLANT<br><br>V.<br><br>JAMES LEO COENEN<br>　　　　　　　　　APPELLEE | **Opinion Delivered:** October 21, 2015<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO.DR-2012-2095-6]<br><br>HONORABLE R. DOUGLAS SCHRANTZ, JUDGE<br><br>REVERSED AND REMANDED |

**WAYMOND M. BROWN, Judge**

This appeal stems from domestic-relations litigation involving Jeri Lynn and James Coenen wherein the Benton County Circuit Court granted Jeri Lynn an absolute divorce from James. Both Jeri Lynn and James raise issues on appeal. However, we are unable to reach the arguments raised by the parties because the circuit court lacked the authority to grant Jeri Lynn an absolute divorce.

This case began on December 7, 2012, when Jeri Lynn filed a complaint for divorce based upon general indignities. Shortly thereafter, she amended her complaint to one for separate maintenance. In an order filed on November 15, 2013, the circuit court granted Jeri Lynn an absolute divorce from James based upon general indignities. This was an uncontested matter, and no record of the hearing was made. The decree awarded Jeri Lynn custody of the parties' minor child, C.C. Additionally, it provided that a memorandum of understanding, a mediated agreement between the parties and the

attorney ad litem appearing on behalf of C.C., was attached and incorporated into the decree. The memorandum of understanding primarily pertained to the custody and visitation of C.C. Finally, the decree provided that all issues regarding child support, property division, debt division, alimony, contempt and attorney's fees were reserved.

Several months later, the circuit court held a hearing on the remaining issues. At the conclusion of the hearing, the court divided the parties' assets and debts, set child support and alimony, and awarded attorney's fees. An order memorializing this ruling was entered on May 9, 2014. This timely appeal followed.

We begin our analysis by considering whether the circuit court had the authority to grant Jeri Lynn an absolute divorce. The decree itself provides that the court granted the absolute divorce based upon Jeri Lynn's complaint. However, at the time the decree was entered, Jeri Lynn only had a complaint for separate maintenance pending before the court. Based upon the information before us, the circuit court only had the authority to grant Jeri Lynn a decree of separate maintenance.[1] Thus, the circuit court erred when it granted an absolute divorce to Jeri Lynn. Additionally, in a separate-maintenance action, a court cannot order absolute division of marital property.[2] The circuit court acted beyond its authority in its final order which divided the parties' assets and liabilities.

Accordingly, we must reverse and remand this case.

ABRAMSON and HARRISON, JJ., agree.

*Rhoads Law Firm*, by: *Johnnie Emberton Rhoads*, for appellant.
*Clark & Spence*, by: *George R. Spence*, for appellee.

---

[1] *See Spencer v. Spencer*, 275 Ark. 112, 627 S.W.2d 550 (1982).

[2] *Kesterson v. Kesterson*, 21 Ark. App. 287, 731 S.W.2d 786 (1987).