# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 21, 2008 Session

## MIKE PARSONS, ET AL. v. JAMES WELLS, ET AL.

### Direct Appeal from the Circuit Court for Tipton County
#### No. 5896    Joseph H. Walker, III, Judge

---

### No. W2007-00316-COA-R3-CV - Filed March 31, 2008

---

Following a hearing, the trial court granted Defendants' motion for summary judgment where Plaintiffs failed to respond to Defendants' motion prior to the hearing. Plaintiffs filed a motion to alter or amend, asserting that they had received notice of the hearing but did not receive a copy of Defendants' motion itself. The trial court found the motion had been mailed with the notice of hearing, and that Plaintiffs failed to respond timely. Plaintiffs appeal; we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Mike Parsons and Pat Parsons, *Pro se*.

T.D. Forrester, Covington, Tennessee, for the appellees, James Wells and Sara Wells.

### MEMORANDUM OPINION[1]

This appeal arises from an action originally filed in the General Sessions Court of Tipton County wherein Plaintiffs, Mike Parsons and Pat Parsons ("the Parsons") alleged Defendants James Wells and Sara Wells ("the Wells") were liable for damages arising from the unlawful killing of their "alpha female" pet, a dog/wolf mix. The Parsons sought damages in the amount of $15,000.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Following a hearing in April 2004, the general sessions court entered a judgment in favor of the Wells. The Parsons filed a notice of appeal to the Circuit Court for Tipton County in June 2004. In May 2006, the circuit court entered a show cause order notifying the Parsons that the case would be dismissed unless they responded within forty-five days. The Parsons responded in June 2006, moving that the matter be set for trial and demanding a jury trial. The trial court set the matter for trial on November 21, 2006.

In September 2006, the Wells filed a motion for summary judgment and statement of undisputed facts. Counsel for the Wells also filed a notice of hearing, advising the Parsons that he would appear before the trial court on November 6, 2006, at 10:30 am "to hear the 'Motion for Summary Judgment' filed in this cause." The motion for summary judgment, notice of hearing, and statement of undisputed facts each included a certificate of service dated September 6, 2006. The Wells also filed affidavits stating that they had no knowledge or information regarding the killing of the Parsons' animal. The Wells also asserted that, in the general sessions court, the Parsons testified that they had not located the animal, its body, or its remains, and that they had no knowledge that the Wells had in fact killed the animal.

The Parsons failed to respond to the Wells' motion for summary judgment, but appeared at the November 6 hearing. On November 6, the Parsons also filed an amended petition asserting that the Wells had caused the death of their animal and that they sought direct, consequential, and punitive damages. The Parsons also filed their first set of interrogatories. Following the hearing, the trial court awarded summary judgment to the Wells. In its order, the trial court found that the Parsons had failed to respond to the Wells' motion for summary judgment and that the Wells were entitled to a judgment as a matter of law.

On December 6, 2006, the Parsons filed a motion for new trial or to alter or amend the judgment. In their motion, the Parsons asserted that, although they had received the Wells' notice of hearing on summary judgment via United States mail, they had not received the Wells' motion for summary judgment or supporting affidavits. The Parsons further asserted that, upon receiving the notice of hearing, they had contacted the office of the Wells' legal counsel and had left a telephone message that was never returned. The Parsons attached affidavits alleging that Mr. Wells had shot their animal and that he had shot at the Parsons remaining animals a year later.

The Wells responded to the Parsons' motion to alter or amend or for a new trial asserting that the motion for summary judgment and statement of undisputed facts had been mailed to the Parsons, together with the notice of hearing, on September 7, 2006. In their response, the Wells asserted that the envelope in which the documents were mailed carried postage of 87 cents, demonstrating it contained more than only a one-page notice of hearing. They further asserted that counsel's telephone messages were maintained by computer entry, and that no message from the Parsons was received prior to November 6, 2006. The Wells further argued that, even assuming the Parsons did not receive the actual motion for summary judgment, they had undisputedly received notice that the motion had been filed. Also included with the Wells' response was an affidavit of Christie Simpson, legal assistant to the Wells' counsel, who attested that she had personally mailed a cover letter and

all pleadings, including the notice of hearing, motion for summary judgment, statement of material facts, and the Wells' affidavits, to the Parsons on September 7, 2006.

The trial court denied the Parsons' motion in January 2007. In its order, the trial court found that the Parsons acknowledged receipt of the notice of hearing. The trial court further found that the Parsons had received the Wells' motion prior to the hearing on summary judgment. The trial court entered final judgment in favor of the Wells on January 11, 2007, and the Parsons filed a timely notice of appeal to this Court. We affirm.

### *Issues Presented*

The dispositive issue presented for our review is whether the trial court erred by awarding summary judgment to the Wells and denying the Parsons' motion to alter or amend the motion for a new trial where the Parsons assert that they did not receive the Wells' motion for summary judgment or supporting documents prior to the hearing on summary judgment held in November 2006.

### *Standard of Review*

Our standard of review of an award of summary judgment is well-settled. Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

Our standard of review of the trial court's determination of whether to grant a motion to alter or amend likewise is well-settled. The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App.2005). The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice. *Id.* A Rule 59 motion should not be used to raise or assert new, previously untried or unasserted theories or legal arguments. *Id.*; *see Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App.1998)(holding: a Rule 59 motion should not be used to raise new legal theories when a motion for summary judgment is

pending)(overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). We review a trial court's determination of whether to grant a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003).

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn.2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

*Analysis*

We begin our analysis by noting that, under the Tennessee Rules of Civil Procedure, any party opposing a motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried.
Tenn. R. Civ. P. 56.03.

The courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003). Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. *Id.* Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion. The failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal. *Id.*

In this case, there is no dispute that the Parsons received the notice of hearing on summary judgment filed by the Wells' legal counsel in September 2006. Thus, although the Parsons dispute receiving the Wells' statement of undisputed facts and the motion for summary judgment itself, that the Parsons had actual notice that the Wells had filed a motion for summary judgment is not in dispute. It is also undisputed that the Parsons appeared at the November 2006 hearing on summary judgment. In its order awarding summary judgment to the Wells, the trial court made no mention of the Parsons having raised the issue of notice at the hearing on summary judgment. In its order denying the Parsons' motion to alter or amend or for new trial, the trial court stated:

In the motion for new trial, [P]laintiff maintains that he never received [D]efendant's motion or affidavits prior to the court hearing. The [c]ourt finds otherwise. The notice, motion, statement of undisputed facts and affidavits were mailed the same date to [P]laintiff, which was in September 2006. Plaintiff acknowledges receipt of the notice. Plaintiff appeared at the motion hearing to argue against the motion for summary judgment. He obviously had notice of the motion and was prepared, and did not indicate at that time [that] he had not received the motion. He did maintain that the affidavits of [D]efendants were not sent to him. However, he had notice of the hearing and it was incumbent on him to respond in writing to the motion, which he did not do before the date of hearing.

At oral argument before this Court, moreover, Mr. Parsons stated that the envelope in which the notice of hearing was mailed indeed carried substantially more postage than was necessary for a single-page notice.

We are not insensitive to Mr. Parsons' assertions. However, we note that the motion for summary judgment and statement of undisputed facts in the record include certificates of service. These certificates of service are *prima facie* evidence that the motion and statement of facts were served in the manner described in the certificates. The certificates of service raise a rebuttable presumption that the motion and statement of facts were received by the person to whom they were sent. *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007)(*no perm. app. filed*) (citing *Or v. Or*, No. 01-A-01-9012-CH-00464, 1991WL 226916 at *4 (Tenn. Ct. App. Nov. 6, 1991)(citing *Henry v. Henry*, 247 Ark. 771, 447, S.W.2d 657, 659 (1969))). Further, counsel for the Wells, supported by the affidavit of his legal assistant, asserted in the trial court that the motion for summary judgment, statement of undisputed facts, and the Wells' affidavits were mailed along with the notice on hearing. As the Parsons concede, this assertion was further supported by the amount of postage attached to the envelope in which the notice of hearing was mailed. Additionally, the Parsons undisputedly had actual notice that the Wells' motion had been filed in September 2006, but did nothing to respond other than allegedly leaving one telephone message for the Wells' legal counsel. Finally, the Parsons failed to assert that they had not received the Wells' motion and supporting documents at the hearing on summary judgment, and did not request a continuance of the matter. Thus, when the trial court entered its order awarding summary judgment to the Wells in November 2006, that order was not erroneous where the Parsons had failed to respond to the Wells' motion prior to the hearing date.

Upon review of the record, we find that the Parsons failed to carry their burden of overcoming the presumption created by the certificates of service attached to the Wells' motion for summary judgment and supporting documents. The evidence does not preponderate against the trial court's finding that the motion for summary judgment and supporting documents were mailed to the Parsons along with the notice of hearing on summary judgment. Additionally, we emphasize that the Parsons failed to assert that they had not received the Wells' motion prior to or at the November 2006 hearing in the trial court. This issue was first raised in their December 2006 motion to alter or amend. Additionally, it is undisputed that the Parsons had actual notice that the Wells' motion

had been filed, and the trial court found that Mr. Parsons attended the November hearing on summary judgment prepared to argue against the motion. Accordingly, in light of the entire circumstances, we cannot say the trial court abused its discretion in denying the Parsons' motion to alter or amend or for new trial.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellants, Mike Parsons and Pat Parsons.

_____
DAVID R. FARMER, JUDGE